In the Matter of Revocation of Restaurant Liquor License No. R-10875, issued to: Nashar, Inc. Nashar, Inc., Appellant.

Submitted on briefs October 5, 1983, to Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*William L. Garvin,* for appellant.

*Felix Thau,* Assistant Counsel, with him *Gary F. DiVito,* Chief Counsel, for appellee.

OPINION BY JUDGE ROGERS, December 22, 1983:

Nashar, Inc., the holder of a restaurant liquor license, has appealed from an order of the Court of Common Pleas of Allegheny County quashing its appeal to that court from an order of the Liquor Control Board (board) suspending its license for seven days.

Nashar's appeal to the court of common pleas was filed thirty days following the issuance of the board's order of suspension. The common pleas court held that the appeal was late, citing Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-471, which, after empowering the board to cite persons who violate the liquor laws, to

conduct hearings and to suspend or revoke licenses, provides that "[s]uspensions and revocations shall not go into effect until twenty days have elapsed from the date of notice of issuance of the board's order, during which the licensee may take an appeal as provided for in this act." The trial court, citing Commonwealth Court cases, held that the quoted provision required that the appeal from the board be made within twenty days from the date of issuance of the board's order.

The appellant contends that under recently enacted statutory provisions it had thirty days after the entry of the board's order within which to appeal. We agree.

Section 471 of the Liquor Code is entitled "Revocation and suspension of licenses." It is a long provision dealing with citations, hearings, fines, board opinions, court procedures and court powers on appeal and other matters.

Section 515 of the Liquor Code, 47 P.S. §5-515, is titled simply "Appeals" and its only subject is appeals. Just before June 27, 1978, on which date both the Judicial Code, 42 Pa. C. S. §101 and the Judiciary Act Repealer Act (JARA), Act of April 18, 1978, P.L. 202, 42 Pa. C. S. §20001 became effective, Section 515 pertinently provided by its first sentence that "[a]ny licensee aggrieved by any decision of the board refusing, suspending or revoking a license under the provisions of this article may appeal within twenty (20) days from the date of refusal, suspension or revocation to the court of quarter sessions of the county in which the licensed premises . . . are located."

Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b), which was enacted April 28, 1978 and, as noted, became effective June 27, 1978 provides, with

exceptions not here relevant, that "an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken. . . ."

Section 20002(a) [1272] of JARA, 42 Pa. C. S. §20002(a) [1272], also, as noted, effective June 27, 1978, provides that "[a]s much as reads as follows: 'within twenty (20) days from the date of refusal, suspension or revocation' and 'of quarter sessions' of the first sentence . . . of section 515'' shall be repealed.

In combination, then, Section 5571(b) of the Judicial Code and the repeal by JARA of the twenty day limitation on appeals from the board to courts, formerly appearing in Section 515 of the Liquor Code, conclusively ordain that appeals from board orders of refusal, suspension or revocation of liquor licenses shall be commenced within thirty days from the entry of the orders appealed from. Further, Section 2(g) of JARA, 42 Pa. C. S. §20002(g) repeals all acts and parts of acts inconsistent with the Judicial Code.

Finally, our holding on the question of this case comports, as it must, to the holding of the Supreme Court in the *Appeal of Chartiers Valley School District*, Pa. , 462 A.2d 673 (1983).

We vacate the order here appealed; and we remand the record to the court of common pleas for disposition of the merits of the appeal according to law. Jurisdiction is relinquished.

ORDER

AND Now, this 22nd day of December, 1983, the order below is vacated and the record is remanded for disposition of the merits of the appeal according to law. Jurisdiction is relinquished.