## J&R's Smokehouse Inc. v. Pennsylvania Liquor Control Board

*Patrick A. McHugh,* for plaintiff.
*Leonard R. Omolecki Jr.,* for defendant.

FREEDBERG, *P.J.,* April 24, 1991—This matter is before the court on appellee's motion to quash and appellant's appeal from a board order, dated October 22, 1990, denying appellant's application for a liquor license. Briefs were filed and the matter was argued at the February 4, 1991, session of argument court. We grant appellee's motion to quash the appeal.

Title 47 P.S. §4-464, which was reenacted and amended on June 29, 1987, and became effective July 1, 1987, states that an "applicant who ... is aggrieved by the refusal of the board to issue [a liquor] license ... may appeal ... *within 20 days* from date of refusal ... to the Court of Common Pleas of the county in which the premises applied for is located." (emphasis added) Because appellant filed the instant appeal on November 16, 1990, more than 20 days after the appellee denied its liquor license application, the appeal must be quashed as untimely filed.

Appellant argues that the provision allowing for a 20-day appeal period was impliedly repealed. In support of this proposition, appellant cites *In re Revocation of Restaurant Liquor License No. R-10875*, 79 Pa. Commw. 194, 468 A.2d 1171 (1983), and *Appeal of Chartiers Valley School Dist.*, 501 Pa. 620, 462 A.2d 673 (1983).

In *Chartiers*, the Supreme Court of Pennsylvania interpreted section 5571(b) of the Judicial Code, 42 Pa.C.S. §5571(b),[1] and section 2(g) of the Judiciary Act Repealer Act, 42 Pa.C.S. §20002(g)[2] as impliedly repealing any

---

1. That section is as follows:

"§5571. *Appeals generally...*

"(b) *Other courts*—Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa.C.S. §5571(b).

2. "The primary purpose of JARA ... was to repeal those statutes which had been supplanted by the [Judicial] Code. *Chartiers* at 624, 462 A.2d at 675. Section 20002(g) of JARA is as follows:

"'(g) All other parts of those acts which are specified in this section and all other acts and parts of acts are hereby repealed insofar as they are in any manner inconsistent with this act or the act to which this is a supplement.'" 42 Pa.C.S. §20002(g).

statute which specified other than a 30-day appeal period for an appeal from a tribunal or other government unit to a court. The court relied upon section 1971 of the Statutory Construction Act of 1972, 1 Pa.C.S. §1971, dealing with implied repeal by later statutes, to arrive at its decision.

In *Revocation,* the Commonwealth Court held that the same statutory provisions cited in *Chartiers,* in addition to section 20002(a) [1272] of JARA, 42 Pa.C.S. §20002(a) [1272], "ordain that appeals from board orders of refusal, suspension or revocation of liquor licenses shall be commenced within 30 days from the entry of the orders appealed from." *Revocation* at 194, 468 A.2d at 1172.[3]

While we respectfully acknowledge *Chartiers, Revocation,* and the statutory provisions which they interpret, we cannot ignore the fact that section 464 of the Liquor Code specifically states that appeals such as the instant one shall be taken within 20 days. Further, we are cognizant of the fact that section 464 was reenacted and amended in 1987, approximately four years after *Chartiers* and *Revocation* were decided, and roughly nine years

---

3. Title 42 Pa.C.S. §20002(a) [1272] repealed that part of section 515 of the Liquor Code which provided for an appeal period of 20 days. However, section 515 was reenacted and amended in 1987 to read as follows:

"§5-515. *Appeals*—

"The board, the enforcement bureau or any applicant or any licensee aggrieved by any decision refusing, suspending or revoking a license under the provisions of this article may appeal to the court of the county in which the licensed premises or the premises to be licensed are located." 47 P.S. §5-515.

Because section 515 no longer includes a specific time period for appeals, it would appear that section 464 of the Liquor Code, which contains a specific 20-day appeal period for appeals from a board decision refusing a liquor license, is controlling on the subject.

after the Judicial Code and JARA first went into effect. In addition, we note that section 151 of Act of 1987, June 29, P.L. 32, No. 14, which amended and reenacted the Liquor Code, provides that "all other acts or parts of acts are repealed insofar as they are inconsistent with this act." Thus, the Judicial Code and JARA, being inconsistent with the 20-day period specified in section 464, appear to have been repealed by Act 14 as they relate to section 464 of the Liquor Code.[4]

We find further support for our decision in the Statutory Construction Act of 1972, 1 Pa.C.S. §§1501, et seq. Section 1933 of that act states that a specific provision in a statute shall prevail over a general provision in a statute where the two conflict. 1 Pa.C.S. §1933. Thus, the specific 20-day appeal period contained in the Liquor Code controls over the general 30-day period contained in the Judicial Code as implemented by JARA. In addition, section 1936 of the Statutory Construction Act states that the statute enacted last in time shall prevail where the provisions of two or more statutes enacted by different General Assemblies are irreconcilable. 1 Pa.C.S. §1936. Thus, section 464, which was reenacted and amended in 1987, again prevails over the Judicial Code and JARA, with which it conflicts. Finally, we note that where an act is amended and reenacted, and its provisions conflict with an act passed since the original act and before the amendment, the provisions of the amendment control. *U.S. Steel Co. v. Allegheny County,* 369 Pa. 423, 86 A.2d 838 (1952).

Appellant argues that section 471 of the Liquor Code, 47 P.S. §4-471, which was amended in 1987 to provide

---

4. On December 7, 1990, the legislature again amended section 464 of the Liquor Code. However, the 20-day time period remains intact. Act of 1990, December 7, H.B. 1946, No. 1990-160, §3, effective June 30, 1992.

that the suspension or revocation of a liquor license shall not go into effect for 30 days,[5] is evidence that the legislature did not intend to abandon the 30-day appeal period established by the Judicial Code and JARA. We disagree. Section 471 deals wholly with the suspension or revocation of a liquor license. As to that type of action by the board, we agree that the legislature has evidenced an intent to implement a 30-day appeal period. However, the operative section in the instant case is section 464 of the Liquor Code, which deals with an appeal from the board's decision to refuse a license, or its decision to refuse the renewal or transfer of a license. As stated before, that section specifically provides for a 20-day appeal period. Thus, because sections 464 and 471 apply to entirely different situations, they can be read together as consistent, not only with our decision, but with each other.

Wherefore, we enter the following

## ORDER OF COURT

And now, April 24, 1991, the appellee's motion to quash is hereby granted and the appeal of J&R's Smokehouse Inc. is hereby quashed.

---

5. The section previously provided for a 20-day grace period.